**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

ALAN ELLIS,

        Plaintiff,

vs.

RONALD GOLDBERG,

        Defendant.

No. C16-4119-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S *PRO SE* MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND ............................................................. 2*
   *A.   Factual Background ................................................................................. 2*
   *B.   Procedural Background ........................................................................... 4*
*II.  LEGAL ANALYSIS ............................................................................................. 4*
   *A.   Amount in Controversy Standards ........................................................... 4*
   *B.   Analysis .................................................................................................... 8*
*III. CONCLUSION .................................................................................................... 9*

Title 28 U.S.C. § 1332(a)(1) provides: "The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Therefore, to establish this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the defendant must demonstrate: (1) complete

diversity, and (2) that the amount in controversy exceeds $75,000.  Defendant has filed a *pro se* pre-answer motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending that the amount in controversy is insufficient for diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Thus, the dispositive question I must answer here is whether the amount in controversy exceeds the jurisdictional amount.

## I.  INTRODUCTION AND BACKGROUND
### A.  *Factual Background*

Plaintiff Alan Ellis's Complaint and attached exhibits and the pending motion to dismiss and attached exhibits reveal the following factual background.

Ellis is a resident of Novato, California.  He is an attorney, specializing in federal criminal sentencing, with offices in San Francisco and New York.  Defendant Ronald Goldberg is a resident of Arnolds Park, Iowa.  Goldberg was a criminal defendant in a case in the United States District Court for South Dakota, *United States v. Goldberg*, No. 4:11-cr- 40111-KES.

Goldberg was the sole trustee of the Rae Witz Trust ("the Trust").  The Trust, in turn, was the owner of Alliance Capital Corporation ("ACC").  The ACC's sole assets were a mortgage and liens on real property in Fisher Island, Florida.

On February 2, 2016, Goldberg contacted Ellis seeking to retain Ellis's legal services in *United States v. Goldberg*, No. 4:11-cr- 40111-KES.  Goldberg's civil attorney was Gary Mason of Garland & Mason.  Also on February 2, 2016, Goldberg executed an "Irrevocable Payoff Confirmation" concerning the sale of real estate in Fischer Island, Florida.  The Irrevocable Payoff Confirmation "authorized and directed" the closing agent to wire "the payoff amount of [two hundred and two thousand dollars] $202,000 to Alliance Capital Corp. or its designee."

The next day, on February 3, 2016, Goldberg directed Mason to forward a copy of the Irrevocable Payoff Confirmation to Ellis as evidence of Goldberg's impending receipt of $202,000. Also on February 3, 2016, Ellis emailed Mason, inquiring whether it would be better to have the funds wired directly to Ellis, or whether the funds should be wired to Mason, who would in turn wire payment to Ellis. Mason expressed a preference for the latter alternative. Mason then assured Ellis that Mason would wire Ellis proceeds from the sale of the property.

On February 5, 2016, Goldberg entered into a contract with Ellis for Ellis's representation in *United States v. Goldberg*, No. 4:11-cr- 40111-KES. The contract called for Goldberg to pay a fixed fee of $65,000 for Ellis's representation. Ellis subsequently performed legal work on Goldberg's behalf. On February 8, 2016, Mason signed the contract, acknowledging his obligation to forward $65,000 of Goldberg's proceeds from the sale of the Fisher Island property to Ellis.

On February 16, 2016, Mason executed a "declaration" notifying the United States District Court for the District of South Dakota that Goldberg's proceeds from the sale of the Fisher Island property would be used to satisfy Goldberg's restitution obligation. On February 24, 2016, Ellis filed a Sealed Sentencing Memorandum on behalf of Goldberg, attaching Mason's declaration.

On February 29, 2016, the South Dakota District Court entered judgment against Goldberg on two counts of Bank Fraud, in violation of 18 U.S.C. § 1344, and 18 U.S.C. §§ 1343 and 1349. The district court sentenced Goldberg to "time served." Also, as a condition of Goldberg's sentence, Goldberg was ordered to pay $34,636.18 in restitution.

On the same day, Goldberg, without the knowledge of Ellis, executed a "Release of Notice of Affidavit of Interest in Real Estate" and a "Release of Claim of Liens." These releases discharged Goldberg's interest in the property that Ellis had relied upon for payment. Goldberg never alerted Ellis to the fact that he had released his interest in the Fisher Island property.

Ellis did not receive payment for his services as promised. On March 16, 2016, Goldberg forwarded an email to Ellis from Mason announcing that judgments totaling $500,000 had been entered against Goldberg, but that Attorney Mason was working on vacating those judgments. Goldberg stated: "[I]t looks like nobody will get anything until I can get this matter cleared up." Complaint at ¶ 28. 33. Applying his usual hourly rate, Ellis's services to Goldberg had a fair market value of $88,000.

### B. *Procedural Background*

Ellis has filed a Complaint asserting claims for breach of contract, fraud, and unjust enrichment against Goldberg. Ellis asserts diversity jurisdiction and sufficient amount in controversy pursuant to 28 U.S.C. § 1332. In response, Goldberg filed a *pro se* pre-answer Motion To Dismiss (docket no. 9), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Goldberg asserts that this court lacks subject matter jurisdiction over Ellis's Complaint, because Ellis cannot demonstrate that the amount in controversy exceeds the sum or value of $75,000. Ellis filed a Resistance to the Motion To Dismiss. In essence, Ellis argues that the amount in controversy is in excess of the jurisdictional minimum, because his unjust enrichment claim meets the minimum amount in controversy requirement on its face. Ellis further argues that his fraud claim would permit the jury to award him consequential and punitive damages in addition to his $65,000 fee, so that the amount in controversy requirement is met. Goldberg has not filed a reply to Ellis's resistance.

### II. LEGAL ANALYSIS
### A. *Amount in Controversy Standards*

In this case, subject matter jurisdiction is premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332(a) provides, in pertinent part, as follows:

> (1) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> > (1) citizens of different states. . . .

28 U.S.C. § 1332(a)(1). In other words, "'[w]hen the two parties to an action are citizens of different states, as they are here, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."'" *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, L.L.C.*, 620 F.3d 926, 930 (8th Cir. 2010) (quoting *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002), in turn quoting 28 U.S.C. § 1332(a)).

The parties here do not dispute that there is complete diversity between Ellis and Goldberg. *See Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) ("Subject matter jurisdiction asserted under 28 U.S.C. § 1332 may be maintained only where there is complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). Thus, the critical question is whether the amount in controversy requirement of § 1332 is met. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 399 (8th Cir. 2011) ("To invoke the jurisdiction of a federal court under 28 U.S.C. § 1332, a plaintiff must allege that the amount in controversy exceeds $75,000."); 28 U.S.C. § 1332.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Such a motion to dismiss may be based on insufficient amount in controversy. *OnePoint Solutions, L.L.C. v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007). Even on a Rule 12(b)(1) motion to dismiss by the opposing party, "the party invoking federal jurisdiction has the burden of proving the requisite amount [in controversy] by a preponderance of the evidence." *Id.; accord Scottsdale Ins. Co.,* 620 F.3d at 930 (if the defendant challenges the plaintiff's allegations of the amount in controversy, "then the plaintiff must establish

5

jurisdiction by a preponderance of the evidence." (internal quotation marks and citations omitted)).

More specifically, the Eighth Circuit Court of Appeals has explained "the basics" of assessing amount in controversy, as follows:

> As a party invoking the court's jurisdiction, [the plaintiff] has an obligation to show, by a preponderance of the evidence, facts supporting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936). In this case, [the plaintiff] has to show the amount in controversy in both counts exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Although the sum claimed by the plaintiff in good faith is usually dispositive, it does not control where it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969). The legal certainty standard is met where the "legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks and citation omitted); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed.2d 890 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"). In other words, whether the plaintiff makes his allegations in good faith is "but a linguistic variance" of the legal-certainty test. *Zunamon*, 418 F.2d at 886 n. 3.
>
> It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or . . . at the time of removal. *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009); *Kansas Pub. Employees Ret. Sys. v. Reimer & Kroger Assocs., Inc.*, 77 F.3d 1063, 1067–68 (8th Cir. 1996). "The inability of plaintiff to recover an amount adequate to give the court

jurisdiction does not show his bad faith or oust the jurisdiction." *St. Paul Mercury*, 303 U.S. at 289, 58 S. Ct. 586, 82 L. Ed. 845. Neither the existence of a valid defense nor subsequent events reducing the amount in controversy divest the court of jurisdiction. *See Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) (holding existence of a valid defense limiting plaintiff's recovery to $1,000 did not divest the court of jurisdiction to hear the case); *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (holding dismissal of the plaintiff's key claims on summary judgment did not affect the amount in controversy); *Griffin v. Red Run Lodge, Inc*., 610 F.2d 1198, 1204 (4th Cir. 1979) (determination that one of the aggregated claims, which was necessary to reach the jurisdictional threshold, was without merit did not destroy jurisdiction).

This is not to say subsequent events are entirely irrelevant. "Subsequent events may ... be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing," *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, Inc*., 620 F.3d 926, 931 (8th Cir. 2010), and a "distinction must be made ... between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Powell*, 87 F.3d at 97 (internal quotation marks, citation and emphasis omitted). In considering the types of materials which can contain such "revelations," courts have mentioned the "face of the pleadings," *St. Paul Mercury*, 303 U.S. at 289, 58 S. Ct. 586, 82 L. Ed. 845, and the "proof adduced to the court before trial," *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

There is admittedly certain tension between the principle that post-removal events do not affect jurisdiction and that pre-trial proofs can be used to assess the amount in controversy as it existed at the time of removal. It is resolved, however, by deferring to the plaintiff's estimate with respect to the amount in controversy whenever the impossibility of recovery is not apparent from the face of the pleadings but emerges from

> adjudication of the merits. *See McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957). Further, resort to materials developed in discovery is allowed merely to "amplify the meaning of the complaint allegations." *Zacharia*, 684 F.2d at 202.

*Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822–23 (8th Cir. 2011).

### *B.     Analysis*

Goldberg argues that Ellis's claim is limited to the $65,000 that Ellis asserts was due under their contract. Goldberg argues that this establishes to a legal certainty that the amount in controversy does not exceed $75,000. Goldberg's argument is not persuasive, because it completely fails to take Ellis's claims for unjust enrichment and fraud into account.

Unjust enrichment, an equitable doctrine "based on the concept of an implied contract," *Iowa Network Servs., Inc. v. Qwest Corp.*, 363 F.3d 683, 694 (8th Cir. 2004) (applying Iowa law), is rooted in "the principle that a party should not be permitted to be unjustly enriched at the expense of another or receive property or benefits without paying just compensation." *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154 (Iowa 2001). The Eighth Circuit Court of Appeals has explained, "To recover for unjust enrichment [under Iowa law], [the plaintiff] must show: '(1) [the defendant] was enriched by the receipt of a benefit; (2) the enrichment was at the expense of [the plaintiff]; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances.'" *Lakeside Feeders, Inc. v. Producers Livestock Mktg. Ass'n*, 666 F.3d 1099, 1112 (8th Cir. 2012) (quoting *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 149 (Iowa 2001)). Ellis alleges that he performed $88,000 in legal services for Goldberg based on promises made by Goldberg and that Goldberg has benefitted from those legal services. Goldberg, however, has not paid Ellis for these services. Thus, Ellis's unjust enrichment claim, on its face, is for more than $75,000. Accordingly, I find that Ellis, the party asserting federal diversity jurisdiction, has demonstrated by a preponderance of the evidence that the amount

in controversy, as between Ellis and Goldberg, exceeded $75,000 at the time that Ellis filed his Complaint.

Ellis also claims punitive damages as a result of Goldberg's alleged fraudulent behavior. In determining whether diversity jurisdiction exists, a court is obligated to consider claims for both actual and punitive damages in determining the jurisdictional amount. *See Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 242 (1943)*; Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998); *A.F.A. Tours Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991); *Kahal v. J.W. Wilson & Assocs., Inc*., 673 F.2d 547, 548 (D.C. Cir. 1982). Where federal jurisdiction depends on a claim for punitive damages, the court should "scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact. . . . liberal pleading rules are not a license for plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid punitive damage claims." *Kahal*, 673 F.2d at 548. Here, if I apply even a single figure damages multiplier in evaluating the amount in controversy, *see Rosen v. Chrysler Corp*., 205 F.3d 918, 922 (6th Cir. 2000); *Chabner v. United of Omaha Life Ins. Co*., 225 F.3d 1042, 1046 (9th Cir. 2000); *Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir. 1998), Ellis has alleged a sufficient amount in controversy.

Thus, I conclude that Ellis has met his burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that this court has diversity subject matter jurisdiction over this case. Accordingly, Goldberg's *pro se* Motion to Dismiss is denied.

### III. CONCLUSION

In summary, I conclude that Ellis met his burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. I am satisfied that this court has diversity subject matter jurisdiction over this case. Accordingly, Goldberg's *pro se* Motion to Dismiss is denied.

9

**IT IS SO ORDERED**.

**DATED** this 6th day of March, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA